Argued April 18; reversed May 14, 1935

## JOHNSON *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

(44 P. (2d) 1080)

*Miles H. McKey,* Assistant Attorney General (I. H. Van Winkle, Attorney General and Victor R. Griggs, Assistant Attorney General, on the brief), for appellant.

*Walter T. McGuirk,* of Portland (McGuirk & Schneider, of Portland, on the brief), for respondent.

KELLY, J. On June 6, 1933, plaintiff and claimant herein, Peter Johnson, filed with the State Industrial Accident Commission a claim for compensation on account of injuries alleged to have been received by him on May 19, 1933, while employed by Henry's Incorpo-

rated, a corporation operating a restaurant in Portland, Oregon. This claim was denied. Plaintiff's application for rehearing was also denied, and plaintiff appealed to the circuit court.

During the trial in the circuit court defendant offered a part of the "Report of Accident and Workman's Application for Compensation" in evidence. This document consists of three parts. One is marked "Part I", and designated "Workman's Report". Another part is marked "Part II", and designated "Employer's Report". The third is marked "Part III", and is designated "Physician's Report".

Part I was signed by plaintiff. While plaintiff was upon the stand, defendant submitted the report to him, and plaintiff identified and verified his signature and testified in effect that he made the report signed by him.

The paper containing these three reports was marked defendant's exhibit 1, and the portion thereof signed by plaintiff was offered thus:

"Mr. Griggs: Yes. We offer at this time defendant's exhibit 1, and this part only, if the court please, signed by the plaintiff.

The Court: Any objection?

Mr. McGuirk: No.

The Court: It will be received. What is it? Application for Compensation?

Mr. Griggs: Yes."

During the closing argument to the jury by plaintiff's attorney, he attempted to comment upon the part of said document designated "Employer's Report". To this defendant objected, which objection was sustained by the court.

The jury returned a verdict in favor of defendant, and on November 1, 1933, a judgment in favor of defendant was entered thereon.

The order granting a new trial recites that the court "finds that the court erred in refusing to permit plaintiff's counsel to comment upon the second and third portions of the Report of Injury and Application for Compensation, and in refusing to permit the jury to consider the same, and in refusing to permit plaintiff's counsel to read the second and third portion of plaintiff's said report and application".

Plaintiff urges that error was committed upon the trial in the circuit court as stated in the order granting a new trial. This is the sole ground upon which plaintiff seeks to uphold such order. Among other things, defendant insists that no error was committed by refusing to permit plaintiff in his closing argument to comment upon parts two and three of said report or by refusing to permit the jury to consider the same; and hence, error was committed in granting a new trial.

We concur with defendant's contention. Parts two and three of said document were not introduced in evidence and comprised no part of the record. We are not called upon to decide whether those parts of the report were admissible or not. The fact remains that they were not received in evidence. Neither part two nor part three was offered in evidence. Except *Paine v. Meier & Frank Co.*, 146 Or. 40 (27 P. (2d) 315, 29 P. (2d) 531), the authorities, cited by plaintiff, deal with the question whether in offering a part of a document in evidence the party offering it must offer all of it or whether a part may be received in evidence and the party against whom such part is introduced will then be placed under the duty of offering such other part as he thinks pertinent and material. None of the authorities cited by plaintiff deal with a record such as we have before us wherein, without objection, only a certain

specified part of a document was offered and received in evidence, and the right claimed to comment in the closing argument upon the part not received or offered in evidence.

In *Paine v. Meier & Frank Co.*, supra, plaintiff limited an offer of certain ledger sheets to the entries appearing on the face thereof. Defendant objected, because notations on the back of these ledger sheets were not offered. The objection was overruled. Later defendant offered the notations appearing upon the back of the ledger sheets and plaintiff's objection thereto was sustained. On appeal, this court held that no error was thereby committed.

Nothing appears in that case upon the question here involved, namely, the right of counsel to argue upon the contents of the portion of a document not offered or received in evidence.

The motion of plaintiff to set aside the judgment and grant a new trial should have been overruled. It is therefore ordered that the judgment and order setting aside the original judgment in favor of defendant and granting a new trial be and the same is reversed, and it is further ordered that this cause be remanded with directions to reinstate the judgment in favor of defendant entered on the 1st day of November, 1933.

CAMPBELL, C. J., not sitting.